MARTHA S. CHASE *vs.* CABOT AND WEST SPRINGFIELD BRIDGE COMPANY.

Covering a part of a bridge, which the defendants are bound to keep safe and convenient for travellers, with snow, does not make it their legal duty to cover the whole of it with snow. And no exception lies to a refusal to instruct the jury, in an action against the proprietors of a bridge, which was partly covered with snow, to recover for an injury received from a collision thereon between the plaintiff's sleigh and another sleigh, that the omission to cover the whole bridge with snow, or so much of it as would make a snow track wide enough for two sleighs, rendered it out of repair, unsafe or inconvenient, or was evidence from which the jury might so find.

TORT to recover damages for an injury sustained by the plaintiff on the defendants' bridge, while passing the same in a sleigh. At the trial in the superior court, before *Wilkinson*, J., " there was evidence tending to show that the injury arose from a collision of the plaintiff's sleigh with another sleigh coming in an opposite direction upon said bridge. This collision occurred in the winter, when sleighs were in use, though the ground was not wholly covered with snow, and some wheel carriages were used. Much evidence was introduced upon both sides, on the questions whether the plaintiff and the driver of the other sleigh used due care or not, and whether or not, in several particulars, the defendants' bridge was out of repair. Among other testimony, the plaintiff offered evidence tending to show that the defendants had covered the northerly side of their bridge with snow, a strip wide enough for one sleigh to pass thereon, but not wide enough for two sleighs to pass each other on the snow, and had left the other side of the bridge bare.

" The plaintiff's counsel contended that while the snow thus placed on the bridge was not injurious to the public travel, yet as the defendants had undertaken to cover a part with snow, this omission to cover the whole bridge, or so much of it as would make a snow track wide enough for two sleighs, rendered it out of repair, unsafe or inconvenient, or that such omission was evidence from which the jury might so find, if they should think it sufficient; and asked the court so to instruct the jury.

" The judge declined to give either of these instructions, but did instruct the jury, among other things, that while the defendants were bound by law to keep their bridge safe and convenient for travellers, they were under no legal obligation to cover the whole or any part of it with snow; they might do so if it contributed to the convenience of travellers, or was not injurious; and undertaking thus to cover a part with snow would not make it their duty to cover the whole, or any portion of the residue."

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*E. W. Bond*, for the plaintiff.

*J. Wells*, for the defendants.

METCALF, J. The judge gave correct instructions to the jury, and rightly declined to give those for which the plaintiff's counsel asked. The defendants were bound by law to keep their bridge safe and convenient for travellers, but were not bound to cover the whole or any part of it with snow. They might lawfully cover a part of it only, without making it unsafe or inconvenient, if such partial covering " was not injurious." So the jury were instructed; and they must have found, under this and the remaining part of the instruction, that such partial covering was not injurious to travellers; and they could not legally have found, from the mere fact that it was only partially covered, that it was out of repair, unsafe or inconvenient.　　　　　　　　　*Exceptions overruled.*